### HAWKE v NOYES et

Ohio Appeals, 1st Dist, Hamilton Co

No 5631. Decided June 12, 1939

684

Maxwell & Ramsey, Cincinnati, and Jos. H. Head, Cincinnati, for appellee, The Fifth-Third Union Trust Co.

James J. Fitzpatrick, Cincinnati, for appellant, Mathilda H. LaBoiteaux.

**OPINION**

By MATTHEWS, J.

This is an appeal on questions of law from a judgment rendered by the Court of Common Pleas of Hamilton County.

The litigation was instituted by the plaintiff as an assignee for the benefit of creditors, as an action to sell real estate to pay debts in the Probate Court of that county. Mathilda H. LaBoiteaux, the appellant, was named as a defendant in that action. She was duly served with summons, and, on February 4th, 1938, filed an answer, in which she alleged that she was an unsecured creditor of the assignor, and, after admitting the assignment and the subsequent death of the assignor and the appointment of an administrator with the will annexed of his estate, and certain other allegations, unnecessary to specify here, denied generally the other allegations and specifically denied that The Fifth-Third Union Trust Company had any lien or provable claim as alleged in its cross-petition. She prayed that its mortgage be cancelled and that the property be sold for the benefit of the unsecured creditors. On December 14th, 1938, the court made an order reciting, that it appearing to the court that the defendant Mathilda H. LaBoiteaux desired to withdraw her answer "the court hereby permits said defendant to withdraw her answer." On December 20th, 1938, The Fifth-Third Union Trust Company, filed a motion to set aside this order on the ground that it was made without notice, and on December 21st, 1938, the court sustained this motion and ordered that the said entry be set aside and held for naught. On the same day the defendant, Mathilda H. LaBoiteaux, filed a notice of appeal from this order, on questions of law and fact to the Court of Common Pleas.

In the Court of Common Pleas a motion to dismiss the appeal was filed and withdrawn, and the Court then reviewed the order appealed from upon the merits, found that no error had been committed, affirmed the order and remanded the cause to the Probate Court for further proceedings. It is from this order that the appeal has been taken to this Court.

That this Court has jurisdiction to review this judgment or final order of the Common Pleas Court is clear. The question of the jurisdiction of the Common Pleas Court to review this order was called to the attention of the Common Pleas Court, and, notwithstanding this, the Court proceeded to adjudicate the merits of the appeal. If the question had not been raised the

act of the Court in proceeding to hear and decide, was an implied finding in favor of the power so to do. This Court has jurisdiction to review such finding. **Barnes v Fifth-Third Union Trust Co., 58 Oh Ap 27 at 36, et seq.**

There is then presented, in limine, the question of whether the Common Pleas Court was correct in assuming jurisdiction to hear and determine the issue as to the validity of the order of the Probate Court in setting aside its order permitting the withdrawal of this answer. This depends upon the proper construction of §10501-56, GC, which is a part of the Probate Code, effective January 1st, 1932, and §§12223-2 and 12223-3, GC, which are part of the Appellate Procedure Code, effective January 1st, 1936.

In §10501-56, GC, it is enacted, that:

"Appeal may be taken to the Common Pleas Court by a person against whom it is made, or whom it affects, from any order, decision or judgment of the Probate Court in settling the accounts of an executor. administrator, guardian and trustee, or of assignees, trustees or commissioners of insolvents; from an order removing or refusing to remove an executor. administrator, guardian, assignee, trustee or other officer appointed by the Probate Court; or in proceedings for the sale of real estate to pay debts; ' * * The cause so appealed shall be tried, heard and decided in the Court of Common Pleas in the same manner as though the Court of Common Pleas had original jurisdiction thereof."

### Secs. 12223-2 and 12223-3 are:

"**Sec. 12223-2.** An order affecting a substantial right in an action, which in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be reviewed, affirmed, modified, or reversed with or without retrial as provided in this title." ..

"**Sec. 12223-3.** Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts and of Justices of the Peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61, GC, inclusive and §§10382 to 10398, inclusive, respectively."

Now while §10501-56, GC, does not expressly limit appeals to final orders or judgments, it is manifest that that was the purpose of the legislature. It is the whole cause that is appealed and the common pleas court is required to hear and determine it as though it had been originally instituted in that court. The section makes no provision for a partial appeal and a remand to the Probate Court upon a determination of a specific question or issue. Any other construction would attribute to the legislature the intent of virtually providing for the removal of every sales case from the Probate Court to the Common Pleas at any time for any reason, or for no reason.

The Appellate Code was enacted after the Probate Code. It was intended to set forth the basic rules for all appeals and to provide the method of invoking the jurisdiction of courts exercising appellate jurisdiction. Of course, nothing in the Appellate Code can enlarge or diminish the jurisdiction of those courts, whose jurisdiction is fixed specifically by the Constitution. The Constitution does not fix the jurisdiction of the Court of Common Pleas. It provides that they shall have such jurisdiction as shall be "fixed by law". **Sec. 4, of Art. IV, Ohio Constitution.** So we look to the statute to ascertain what jurisdiction has been conferred on them. Analyzing §12223-3. GC, it will be seen that the legislature has empowered the Common Pleas Court to review "Every final order. judgment, or decree" of courts and administrative officers, tribunals and commissions in-

ferior to it, but has not empowered it to review interlocutory orders. The only limitation upon the power conferred to review final orders, judgments, or decrees is that the power shall be invoked in the manner provided in the Appellate Code itself, except when the appeal is taken from the Probate Court under §§10501-56 to 10501-61, inclusive, and §§10382 to 10398, inclusive, in which instances the manner or method of appeal shall be as therein provided. It will be observed that the subject-matter which the common pleas court has jurisdiction to review is not affected by this exception. It is still limited to final orders. A different method of invoking that jurisdiction must be followed.

So construing §§10501-56 and 12223-3, GC, together, we think it clear that only the final orders, judgments or decrees of the Probate Court in proceedings to sell real estate to pay debts are appealable to the Common Pleas Court.

We also think it too clear for argument that an order setting aside a former order permitting an answer to be withdrawn is not a final order. Whether a pleading may be withdrawn rests in the sound discretion of the Court. 31 O. Jur. 836. And if a pleading is withdrawn, by permission of the court, it does not eradicate the fact that the litigant did file it, assuming, of course, that it had been filed by him, or under his authority. 21 R. C. L. 593. If it contains admissions, the adverse party may use them against the pleader. **Ford v Commercial Motor Freight, Inc., 57 Oh Ap 384.**

It should be observed that this pleading was not a cross-petition. It was defensive only. It denied the validity of the claim of The Fifth-Third Union Trust Company, but pleaded no cause of action. It did not affect the extent of the jurisdiction of the court, conferred by the pleadings of the other parties to the action.

It should be observed that all the court did was to re-instate the answer. No request was made for leave to amend. No amended answer was tendered. The action of the Court lacked finality in every sense of the term.

The Common Pleas Court seems to have treated the case before it as the usual appeal on questions of law only, heard the case upon the record, affirmed the order, and remanded the case for further proceedings. While this left undisturbed the order of the Probate Court as effectually as would a dismissal of the appeal for want of jurisdiction, we are of the opinion that inasmuch as the order appealed from was not final, the Common Pleas Court exceeded its jurisdiction in entertaining the appeal.

For these reasons, the judgment of the Common Pleas Court is reversed, and the cause remanded to that court with instructions to dismiss the appeal from the Probate Court for want of jurisdiction.

HAMILTON, PJ. & ROSS, J, concur.